On Return to Remand

PATTERSON, Judge.
On September 4, 1992, the appellant, Doies Lee Alford, Jr., was indicted for the offense of assault in the second degree, a violation of Ala.Code 1975, § 13A-6-21. On August 9, 1993, he withdrew a plea of not guilty, which he had previously filed, and entered a plea of guilty to the offense charged in the indictment, pursuant to a plea agreement. After a lengthy hearing, the trial court determined that the plea had been voluntarily entered with full knowledge of the consequences, accepted the plea, and adjudged the appellant guilty. A sentencing hearing was held on September 15,1993, at which time, the appellant moved to withdraw his plea, claiming, among other things, that he had not understood the gravity of the offense when he entered his guilty plea and that he had learned that a large amount of restitution would be claimed and he could not pay it. The trial court denied the motion to withdraw the guilty plea and sentenced the appellant in accordance with the plea agreement to six years’ imprisonment and ordered him to pay court costs, attorney fees, and $50.00 to the crime victim compensation fund. The trial court then held a restitution hearing and entered a restitution order.
On original submission, we held that the guilty plea was intelligently and voluntarily entered and that the trial court did not abuse its discretion in denying the appellant’s motion to withdraw his guilty plea. We further held, under the facts of the case, that there was no merit to the appellant’s contention that his guilty plea was not knowingly and voluntarily entered because he had not been informed of the amount of restitution being sought. We did, however, agree with the appellant’s contention that the restitution order had been entered without proper proof and without compliance with the provisions of §§ 15-18-65 et seq.; Rule 26.11, Ala.R.Cr.P.; and Alabama case law. Because of the obvious deficiencies in the restitution proceedings, we set aside the restitution order and remanded the case to the trial court with instructions to conduct a new restitution hearing in accordance with the restitution statutes and with Rule 26.11. On September 12, 1994, the trial court filed a return to our remand. That return shows that a restitution hearing was ordered by the trial court, and when the victim failed to appear, the court ordered that no restitution was due to be paid by the appellant to the victim and that no restitution order would be entered in the case.
Thus, the issue pertaining to restitution having become moot, the judgment of conviction for the offense of assault in the second degree and the sentence of six years’ imprisonment, including the order to pay court costs, attorney fees, and $50 to the crime victims compensation fund, are due to be, and are hereby, affirmed.
AFFIRMED.
All Judges concur.